## THE FAIR HAVEN AND WESTVILLE RAILROAD COMPANY *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, HAMERSLEY, HALL and RALPH
WHEELER Js.

Whether a given condition or restriction attempted to be imposed by a city upon a street-railway company is or is not one which the city may lawfully impose, is clearly a judicial question.

Under the Act of 1893 relating to street-railway companies, the Superior Court has jurisdiction of an appeal presenting such a question.

The plan presented by a street-railway company for double tracking a portion of its line was approved in all its details by an order of the common council, and a second order was then passed reciting that such approval or " permission " was upon condition that the railway company should establish a five-cent fare for all passengers to a specified point, which was a mile or more from any portion of the route described in the plan and upon a different branch of the company's line. *Held :*—

1. That this condition was wholly foreign to the proposed plan and one which the city had no power to impose.

2. That the two orders, while referring to the same general subject-matter and passed, probably, at the same time, were not so related to each other that the invalidity of the second affected the validity of the first, but that the case stood precisely as it would have stood had the city passed the first order only.

Argued June 12th—decided July 23d, 1901.

ACTION in the nature of an appeal from the doings of the municipal authorities of New Haven, upon an application of the plaintiff for the approval of a plan submitted by it for double tracking a portion of its street railway, taken to the Superior Court in New Haven County and reserved by that court, *Ralph Wheeler, J.,* upon a demurrer to the complaint and a motion to erase for want of jurisdiction, for the consideration and advice of this court. *Superior Court advised to deny motion to erase ; to overrule the demurrer ; and if the city does not plead over, to render judgment for the appellant.*

The material facts alleged in the appeal are in substance these : The appellant is authorized by its charter to construct

and operate an electric street railway, with single or double tracks, between Granniss Corner in the city of New Haven, through certain streets in said city, to the division line between the towns of New Haven and East Haven. Prior to October 1st, 1900, a single-track electric railroad had been constructed, owned and operated by the appellant over said route. On the 1st of October, 1900, the appellant desiring to construct an additional track, and to relay its existing track, over said route, presented to the mayor and common council of the city of New Haven its petition for leave to make such changes, accompanied by a plan, all as required by statute. After public notice and hearing the mayor and common council approved said plans and granted said petition by the passage of the following order: "Ordered, that the plans of the Fair Haven and Westville R. R. Company, showing double tracks, curves, connections, etc., from Granniss Corner to the East Haven town line, are hereby approved, the exact line and grade to be established by the city engineer, and all work to be done to the satisfaction of the director of public works." Said order was amended by the passage of the following additional order: "Ordered, that permission be granted to the Fair Haven and Westville R. R. Company as above, providing that the said Fair Haven and Westville R. R. Company establish a rate of fare of five cents for all passengers to Morris Cove." Said orders were approved by the mayor on the 28th of March, 1901, and then became the acts of said mayor and common council.

The route described in the plan and petition is a part of the main line of the appellant's railroad, extending from New Haven to the towns of East Haven and Branford, and public convenience and necessity require the construction of said railroad according to said plans and petition.

Morris Cove, referred to in the amendment, is situated upon the easterly shore of New Haven harbor, more than a mile from any portion of the route described in said plan and petition, and upon a different branch of the appellant's road.

The appellant prayed that said condition might be adjudged illegal and void, that the order containing it might be stricken

out, and that the order, as so modified, should be affirmed and made the order of the Superior Court.

The city moved to erase the case from the docket for want of jurisdiction, because, as was alleged in the motion, that portion of the Act under which the appeal was taken was unconstitutional, and conferred no jurisdiction on the Superior Court.

The grounds of demurrer are, in substance, as follows: (1) The condition contained in said amendment, as set out in the complaint, is legal, equitable, and proper, and within the jurisdiction of the city authorities, and is a legitimate modification of the plan submitted to them. (2) If said condition is illegal, inequitable, and void, and without the jurisdiction of said mayor and said court of common council, and does not constitute a legitimate modification of said plan, then said order, as amended, is void. (3) The plaintiff is not entitled to the relief sought in the prayer for relief.

Upon this record the case is reserved for the advice of this court.

*A. Heaton Robertson*, for the defendant.

*George D. Watrous* and *John W. Edgerton*, for the plaintiff.

TORRANCE, J. The questions raised by the motion to erase will be first considered.

That motion is based chiefly upon the assumption that the question presented to the Superior Court is not a judicial question. That assumption is without foundation. The questions presented to the Superior Court by the appeal relate to the power of the city authorities, under certain public statutes of this State, to impose conditions and restrictions upon the appellant in the exercise of its rights and powers under the same statutes and under its charter. The question thus relates to the construction of public statutes, and to the rights and powers of the parties under them. Under these statutes and its charter, the appellant claims the right to lay a double-track railway over a certain route, on com-

plying with certain conditions which it concedes the city authorities may impose; while, under the same statutes, the city authorities claim the right to impose upon the appellant, before it can lay its double track, conditions which the appellant contends they have no right to impose. The principal question presented to the Superior Court by the appeal is whether the city authorities had the power, under the statutes, to impose upon the appellant the condition of which it complains; and that question is presented, in the manner prescribed by statute, by one claiming to be legally and materially aggrieved by the action of the city authorities in imposing such condition. Such a question, when thus presented, is clearly a judicial question, jurisdiction over which may be conferred upon the courts; *Norwalk Street Ry. Co.'s Appeal*, 69 Conn. 576; *Central Ry. & Elec. Co.'s Appeal*, 67 id. 197; *Ives v. Goshen*, 65 id. 456; and it is equally clear, from the first two cases above cited, that under the statutes of this State the Superior Court in this case has jurisdiction over the questions presented upon this appeal. For these reasons the motion to erase should be denied.

The demurrer presents two principal questions: (1) Whether the city authorities had the power to impose the conditions complained of. (2) If that condition is void, how does that affect the case?

With reference to the first question, this case is practically controlled by the decision of this court in the case of the *Central Ry. & Elec. Co.'s Appeal*, 67 Conn. 197. We there held (1) that, under the provisions of the street railway act of 1893 (being the same Act in question in this case), the only "modifications" which the municipal authorities can lawfully make in the plan submitted to them by the street-railway company are such as legitimately affect one or more of the particulars which the statute requires to be specified in the plan; (2) that no change of such plan can be deemed a modal one, or within the power of said authorities to make, which deprives the plan of its essential qualities, or imposes conditions wholly foreign to the plan; (3) that conditions which the municipal authorities in such cases have no power to impose are void.

In the case at bar the condition imposed upon the appellant in the second order was wholly foreign to the plan submitted to the city authorities for approval, and bore no relation to it, nor to any part of it; and this clearly appears from the allegations admitted by the demurrer. Upon the facts so admitted, we think it clear that the city authorities had no power to impose the condition complained of, and that the condition is void.

The order imposing the condition being thus void, the city contends that the order approving of the plan is also void, and that the matter should go back to the city authorities to be acted upon *de novo*. We think this contention should not be sustained. By the first order the city authorities approved of the plan submitted to them in all its details, subject to the action of the city engineer and the director of public works. We must assume that they did this because the plan was in all respects satisfactory to them. If it was satisfactory to them they had the power, and it was their duty, to approve of it, and in and by the first order they fully exercised that power and performed that duty. By a separate and distinct order they in effect granted to the railroad company its petition to double track its road according to the approved plan, upon a condition which they had no right nor power to impose. It is true the two orders were passed with reference to the same general subject-matter, and probably at the same time, but they have no such necessary relation to it or to each other as to make the invalidity of the second affect the validity of the first. Upon the record as it stands, we think the case must be regarded just as if the city authorities had passed the first order only, and had not attempted to pass the second.

The Superior Court is advised (1) to deny the motion to erase; (2) to overrule the demurrer; and (3) if the city does not plead over, to render judgment for the appellant in accordance with the views herein expressed.

Costs in this court shall be taxed in favor of the appellant.

In this opinion the other judges concurred.